## PHILIP LABE *v.* UNITED STATES

**No. 5546.**—Invoice dated Kobe, Japan, July 30, 1936.
Entered at New York, September 1, 1936.
Entry No. 727843.

(Decided January 8, 1942)

*Fred Bennett* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court,

(1) That the bed spreads from Japan covered by the Reappraisement specified above, are articles made of rayon, which in all material respects is such or similar to the rayon in the articles, the subject of the decision in *United States* v. *Nippon Dry Goods Co.*, Reappt. Dec. 5006 affirming Reappt. Dec. 4704; that they were appraised on the same basis and the issue herein is the same as the issue in the cited case, and that the record in that case may be incorporated herein.

(2) That the appraised values of the bed spreads from Japan covered by the Reappraisements specified above, less any additions made by the importer by reason of the so-called Japanese consumption tax to meet advances made by the Appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeal as to all other merchandise covered by Reappraisements as above specified except bed spreads is hereby abandoned.

(4) That reappraisement specified above is hereby submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the bedspreads such values are the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax to meet advances made by the appraiser in similar cases.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.